PYRAMID LIFE INSURANCE COMPANY *v.* TRANTHAM.

4-8781                                          217 S. W. 2d 924

Opinion delivered March 7, 1949.

*McMillen & Teague,* for appellant.

*Claude A. Fuller* and *Festus O. Butt,* for appellee.

ROBINS, J.   This appeal is from a judgment in favor of appellee against appellant, based on verdict of jury, for the amount of two insurance policies issued by appellant on the life of Herbert F. Trantham, with his wife, the appellee, as beneficiary in each policy.

These policies, one for $1,000, dated September 12, 1946, and the other for $1,500, dated the same day, were issued without medical examination.   Trantham died October 14, 1947, from nephritis.   The defense was that the answers of insured in the application for the first policy and in the "statement of good health," in reliance on which the second policy was delivered, were false and known to be false when made.

It is not disputed that when the application was signed Trantham was and had been for a number of years afflicted with diabetes, for which he had been using insulin.   The answers in the application did not disclose that Trantham had any such disease or had been given such treatment.   In the "statement of good health," which was required by the company because the second policy was issued without any application, there was a statement to the effect that the insured was then in good health.

But appellee contended—and the trial jury sustained her contention—that, though her husband gave appellant's agent the correct answers to the questions contained in the application and in the statement as to health, said agent did not write them as they were given

to him and, without Trantham's knowledge, omitted all information given at the time by Trantham as to his having diabetes and using a serum therefor. She also contended that her husband did not sign the original application, but that the agent signed her husband's name thereto.

For reversal appellant urges no error on the part of the lower court except the failure to give a peremptory instruction in its favor. This necessitates a review of the testimony, to determine whether there was substantial testimony to support the verdict. In considering the evidence for this purpose we are required to give it the strongest probative force in favor of appellee that it will reasonably bear. *St. Louis-San Francisco Railway Company* v. *McCarn*, 212 Ark. 287, 205 S. W. 2d 704.

Hugh Small, who was a partner with Trantham in the operation of a tourist court at Eureka Springs in 1946, testified by deposition that he was present at the tourist court with Trantham and his wife and the agent of appellant when Trantham was solicited for life insurance; that Trantham told the agent he had diabetes and was taking a serum; that the agent replied: "You look like you are in good health, and no examination required"; that Trantham did not sign the application, but the agent asked Trantham his age and then filled out and signed the application.

Appellee testified she was present in September, 1946, when the application was prepared; that the agent told her husband he could have a non-medical policy; that her husband had had diabetes for eighteen years before they had been married and had "lived a normal life"; that her husband told the agent that he had diabetes and the agent told him "he could get him a policy with diabetes"; that the agent filled out and signed the application; that when the agent came back with the $1,000 policy, the $1,500 policy was brought along by the agent, and the premiums on both were paid by checks; that she herself discussed with the agent, at the time the second policy was delivered, the fact that her husband had dia-

betes; that she saw the agent fill out and sign the application; that the agent filled out the statement as to good health when he delivered the policies, but that her husband signed it. This "statement of good health" appears to have been improvised. It is on a printed blank headed "Application for Reinstatement and Certificate of Health," prepared for use in reinstating a lapsed policy, and recites, among other things, that the insured had not been sick since his application to the insurer for insurance, and that he was then in good health; and it bears a statement on the back, signed by the agent, to the effect that it was a part of the $1,500 policy.

The agent who solicited the insurance and was still employed by appellant at the time of the trial denied that he was ever told about the insured having diabetes, and stated that he read the questions in the application to Trantham, wrote Trantham's answers as he gave them, and that Trantham then signed the same; that similar procedure was had as to the certificate of good health; that he had the $1,500 policy issued without any application or order for it and took it back to Eureka Springs to try to deliver it; that the company used the application for the first policy in making up the second, and gave him the statement of health to get it signed when he delivered the $1,500 policy.

A teller at a bank where Trantham had carried an account introduced in evidence a signature card bearing Trantham's signature, and testified that in his opinion neither the signature on the application for the $1,000 policy nor the signature on the statement of good health was that of Trantham.

When this testimony is given its strongest probative force in favor of appellee, it warranted the jury in finding that Trantham made to appellant's agent a full disclosure as to Trantham being afflicted with diabetes, but that the agent, in preparing the documents to be signed by Trantham, withheld this disclosure from appellant and did so without the knowledge or collusion of Trantham.

In the case of *Southern National Insurance Company* v. *Heggie*, 206 Ark. 196, 174 S. W. 2d 931, we upheld a judgment against an insurer in a case somewhat similar to the one at bar. In the Heggie case the insured had signed an application which set forth that she had never had tuberculosis, whereas the undisputed proof showed that less than a year before she had been examined at the State Tuberculosis Sanatorium where she was advised that she had tuberculosis. There was testimony, however, to the effect that she told the soliciting agent, when he was making out the application, about her previous affliction with tuberculosis and that the agent failed to put this information in the application, but had the insured sign it without knowing it was incorrect.

In that case we said: "The rule is thus stated in the case of *Union Life Insurance Company* v. *Johnson*, 199 Ark. 241, 133 S. W. 2d 841 (headnote 2): 'Where the facts have been truthfully stated to the soliciting agent, but, by fraud, negligence or mistake, are misstated in the application, the company cannot set up the misstatements in avoidance of its liability, if the agent was acting within his real or apparent authority and there is no fraud or collusion upon the part of the assured.' "

The lower court did not err in submitting to the jury the disputed question of fact—the question as to whether the agent of the company was apprised of the true condition of Trantham's health, but failed, without knowledge or collusion of Trantham, to put the information in the documents sent to appellant.

The judgment of the lower court is affirmed.